UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROGER A. PFISTER,

        Plaintiff,

Case No. 1:06-CV-808

v.

Hon. Richard Alan Enslen

LISA ENGLISH, *et al.*,

**JUDGMENT**

        Defendants.

_____/

On January 4, 2007, United States Magistrate Judge Ellen S. Carmody filed a Report and Recommendation, recommending that Plaintiff Roger A. Pfister's *pro se* prisoner civil rights action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915A(b)(1) due to its failure to state a cognizable claim. Plaintiff timely objected to the Report. This Court now reviews the Report, the Response objecting to the Report, and the pertinent portion of the record *de novo* in accordance with 28 U.S.C. § 636.

Section 1915(A)(b)(1) incorporates by reference the standard for dismissal under Rule 12(b)(6). Under such Rule, a court assumes the truth of the allegations and may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). While *pro se* filings are to be liberally construed, *see Haines v. Kerner*,

404 U.S. 519 (1972), this procedural rule does not abrogate basic pleading requirements nor require a court to "conjure" unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

As aptly explained in the Report, Plaintiff's allegations do not support a constitutional claim under the First Amendment, the Eighth Amendment or the Fourteenth Amendment. Beginning with the Eighth Amendment, the allegations do not support an inference that Plaintiff's assignment to a cell with a "dangerous" cell-mate (an inmate with an obsessive-compulsive disorder) exposed Plaintiff to a substantial risk of serious injury from such cell-mate or that Defendants acted intentionally or with reckless disregard of such risk. *Farmer v. Brennan*, 511 U.S. 825, 842-47 (1994). Furthermore, as noted by the Magistrate Judge, there was no physical injury to Plaintiff and the "threats" made by the cell-mate to Plaintiff at worse caused emotional distress, which by statute is not compensable. *See* 42 U.S.C. § 1997e(e). Regarding the Fourteenth Amendment, the damaging of Plaintiff's typewriter by jail staff does not presently support a claim for relief. This is because the allegations do not support an inference either that Plaintiff has exhausted state remedies or that those remedies are inadequate. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *see also Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995) (holding that Michigan offers adequate post-deprivation remedies). As for Plaintiff's First Amendment claims, these cannot succeed because the allegations do not support an inference that the damaging of his typewriter and/or the cell assignment prevented Plaintiff from prosecuting a non-frivolous civil rights action, habeas petition or appeal of a criminal judgment. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). The allegations of the Complaint, likewise, do not support any inference of retaliation for protected conduct. *See Thaddesu-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (*en banc*).

For the reasons given here and in the Report and Recommendation, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Roger A. Pfister's Response (Dkt. No. 10) is **DENIED**, the Report and Recommendation (Dkt. No. 9) is **ADOPTED** and the Complaint (Dkt. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) due to failure to state a claim.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of this Judgment would not be taken in good faith.

Dated in Kalamazoo, MI:                             /s/Richard Alan Enslen
January 31, 2007                                    Richard Alan Enslen
                                                    Senior United States District Judge